# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| ODELL BOYKIN, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action Number:  4:13-cv-170 (CDL) |
| vs. : | |
| : | |
| BURT'S BUTCHER SHOPPE and : | |
| EATERY, INC., and BURTON : | |
| STACEY, JR., : | |
| : | |
| Defendants. | |

## COMPLAINT

Plaintiff Odell Boykin, by and through the undersigned counsel, brings this Complaint against Defendants Burt's Butcher Shoppe and Eatery, Inc. ("Burt's") Burton Stacey, Jr. ("Stacey") and pleads as follows:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 *et seq*., (hereinafter "the FLSA") to recover due but unpaid overtime compensation and an additional amount as liquidated damages and to be reimbursed for his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. §216(b), 28 U.S.C §§1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Middle District of Georgia, Columbus Division, under 28 U.S.C. §1391 because Burt's is located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff is a citizen of the United States and of the State of Georgia and resides within Muscogee County, Georgia.

5.

Burt's employed Plaintiff, first as a cook and for the past eight years as a kitchen manager, at its restaurant located at 2932 Warm Springs Road in Columbus, Muscogee County, Georgia from approximately May 2003 until May 24, 2013.

6.

At all times relevant to this suit, Plaintiff has been an "employee" of Burt's as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

At all times material hereto, Plaintiff has been "engaged in commerce" as an employee of Burt's as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

Burt's is a corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, Burt's has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

At all times material hereto, Burt's was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2010, Burt's had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2011, Burt's had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2012, Burt's had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2013, Burt's had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2010, Burt's had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2011, Burt's had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2012, Burt's had two or more "employees handling, selling or otherwise

working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2013, Burt's had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2010, Burt's had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

During 2011, Burt's had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

During 2012 Burt's had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

During 2013, Burt's had an annual gross volume of sales made or business done

of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

At all times material hereto, Burt's was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

24.

Burt's may be served with service of process through its registered agent, Burton Stacey, Jr., 2932 Warm Springs Road, Columbus, GA 31909.

25.

Burt's is subject to the personal jurisdiction of this Court.

26.

Stacey resides within Muscogee County Georgia.

27.

At all times material hereto, Stacey exercised operational control over the work activities of Plaintiff.

28.

At all times material hereto, Stacey was involved in the day to day operation of Burt's.

29.

At all times material hereto, Burt's vested Stacey with supervisory authority over Plaintiff.

30.

At all times material hereto, Stacey exercised supervisory authority over Plaintiff.

31.

At all times material hereto, Stacey scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

32.

At all times material hereto, Stacey exercised authority and supervision over Plaintiff's compensation.

33.

At all times material hereto, Stacey has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

34.

Stacey is subject to the personal jurisdiction of this Court.

35.

At all times material hereto, Plaintiff was not exempt from the maximum hour

requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

36.

At all times material hereto, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

37.

At all times material hereto, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

38.

At all times material hereto, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

39.

At all times material hereto, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

## COUNT I — FAILURE TO PAY OVERTIME

40.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

41.

From approximately May 2003 through May 2013, Defendants employed

Plaintiff, first as a cook and for the past eight years as a kitchen manager.

42.

During his employment with Defendants, Plaintiff regularly worked in excess of forty hours (40) each week.

43.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from May 23, 2010 through May 23, 2013.

44.

Defendants willfully failed to pay Plaintiff at one and a half times his regular rate for work in excess of forty (40) hours in any week from May 23, 2010 through May 23, 2013.

45.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA §16 (b), 29 U.S.C. §216(b).

46.

Plaintiff is entitled to liquidated damages in addition to the overtime compensation alleged above in accordance with FLSA §16 (b), 29 U.S.C. §216(b).

47.

As a result of the underpayment of overtime compensation as alleged above,

Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff respectfully prays:

1. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages due, plus prejudgment interest thereon;

2. That Plaintiff be awarded his costs of litigation, including his reasonable attorneys' fees and costs from Defendants; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC*

*/S/CHARLES R. BRIDGERS*
CHARLES R. BRIDGERS
GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171          */S/ KEVIN D. FITZPATRICK, JR.*
(404) 979-3170 (f)      KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com   GA. BAR NO. 262375
charlesbridgers@dcbflegal.com

**COUNSEL FOR PLAINTIFF**