# SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims (hereinafter, "the Agreement or the Settlement Agreement") is made and entered into by and between **Burt's Butcher Shoppe & Eatery, Inc.**, and **Burton Stacey, Jr.**, for themselves and their heirs, successors and assignees (hereinafter jointly referred to as "DEFENDANTS"), and **Odell Boykin** (hereinafter referred to as "PLAINTIFF").

## WITNESSETH:

WHEREAS, PLAINTIFF was employed by DEFENDANTS, and

WHEREAS, on June 23, 2013, PLAINTIFF instituted a civil action in the United States District Court for the Middle District of Georgia, styled <u>Odell Boykin, Plaintiff vs. Burt's Butcher Shoppe and Eatery, Inc., and Burton Stacey, Defendants</u>, Civil Action No. 4:13-cv-00170-CDL (hereinafter "the Civil Action"); and

WHEREAS, PLAINTIFF asserts claims in the Civil Action for failure to pay overtime compensation under the Fair Labor Standards Act and seeks damages for back pay, liquidated damages, attorney's fees, and costs; and

WHEREAS, DEFENDANTS have denied and continue to deny any liability to PLAINTIFF on the basis of any claim, asserted or unasserted, in the Civil Action; and

1

WHEREAS, the Agreement constitutes a good faith settlement of questionable and disputed claims; and

NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, DEFENDANTS and PLAINTIFF agree as follows:

## CONSIDERATION

1.

DEFENDANTS will cause to be paid jointly to PLAINTIFF and his attorneys the total sum of Fifty Five Thousand Two Hundred Sixty One Dollars and Thirteen Cents ($55,261.13) as follows: (1) a check in the amount of Thirteen Thousand Two Hundred Dollars and Nineteen Cents ($13,248.19), less appropriate deductions for tax purposes, made payable to "Odell Boykin", which amount is allocated as back pay and for which a W-2 form will be issued; (2) a check in the amount of Thirteen Thousand Two Hundred Dollars and Nineteen Cents ($13,248.19) made payable to "Odell Boykin", which amount is allocated as liquidated damages and for which a 1099 Form designating box 3 "other income" will be issued; and (3) a check in the amount of Twenty Eight Thousand Seven Hundred Sixty Five Dollars ($28,765.00) made payable to "Kevin D. Fitzpatrick, Jr.," which amount is allocated as attorneys' fees and expenses of litigation and for which a 1099 Form will be issued. These payments will be made within seven (7)

days after delivery of an copy of this Agreement bearing the Plaintiff's signature to the Defendants. The foregoing sums are inclusive of all attorneys' fees and legal costs and expenses, and are in full accord, satisfaction, and final compromise settlement of all disputed claims between the parties for monetary, legal and equitable relief, interest, attorneys' fees, and legal costs and expenses, including but not limited to those claims set forth and/or which could have been set forth in the Civil Action. **DEFENDANTS** agree that the attorneys' fees and costs allocated herein are reasonable and customary as to the rate charged, the work done and the time billed for that work. Except as expressly provided for in this Paragraph, the parties shall bear their own costs with respect to the Civil Action, including attorneys' fees and costs and all out-of-pocket expenses.

## DISMISSAL OF ACTION

2.

**PLAINTIFF** agrees to dismiss, with prejudice, the Civil Action and agrees that she will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed. Upon the Court's approval of this Settlement Agreement and full payment of all sums set forth in Paragraph 1 above, **PLAINTIFF** will file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit "A."

From: Jessica Sorrenti    Fax: (404) 979-3150    To:    Fax: +1 (404) 894-9675    Page 4 of 11 07/24/2014 10:26

## WAIVER AND RELEASE OF ALL CLAIMS

3.

PLAINTIFF, for himself, his attorneys, agents, assigns, heirs, executors, administrators and successors, hereby fully, finally and forever releases and discharges DEFENDANTS and all of their present or former attorneys, officers, officials, employees, assigns, principals and/or agents from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which he has or may have against them growing out of or arising from or pertaining to (a) any transaction, dealing, conduct, act or omission by and between PLAINTIFF and DEFENDANTS or (b) any other matters or things occurring or existing at any time prior to the execution of the Agreement, and/or (c) growing out of, arising from or in any way connected with or related to his employment with DEFENDANTS, including but not limited to, the Civil Action, and the matters which were alleged or could have been alleged in the Civil Action. PLAINTIFF represents that he is unaware of any other claim, demand, action, cause of action or suit for damages, losses, costs, expenses or attorneys' fees, which he has or may have against either DEFENDANT at this time, whether or not related to his employment. PLAINTIFF further agrees and acknowledges that DEFENDANTS are relying upon this representation in entering into this Agree-

4

ment. Furthermore, and without in any way limiting the foregoing, the claims waived and released by **PLAINTIFF** include any possible or alleged claims under the Americans with Disabilities Act, the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the National Labor Relations Act, the False Claims Act, and all amendments to the foregoing, and any and all possible claims under federal laws and/or the laws of the State of Georgia and any other state, any and all possible claims under common law, and any and all claims for back pay, benefits, interest, front pay, lost retirement benefits, compensatory damages, punitive damages, liquidated damages, attorneys' fees, costs, and declaratory relief. Nothing in this Agreement is intended to waive or release any claim that may arise after this Agreement is executed.

4.

**PLAINTIFF** represents and warrants that Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. of Delong Caldwell & Bridgers & Fitzpatrick, LLC are, and have been, the sole attorneys for him with respect to the Civil Action, and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that the amounts paid by **DEFENDANTS** under the Agreement are intended to include all legal fees, costs,

and/or expenses for which **DEFENDANTS** could be liable in connection with the Civil Action.

## WARRANTY

5.

**PLAINTIFF** represents and warrants that he alone is entitled to assert any claim he may have against **DEFENDANTS** of any kind or character arising out of, or as a consequence of, his employment with **DEFENDANTS** to date, including but not limited to, the matters which were alleged or could have been alleged in the Civil Action. **PLAINTIFF** further represents and warrants that he is fully authorized to enter into this Agreement and that he has not transferred or assigned any right to any claim or recovery against Defendants. **PLAINTIFF** agrees to indemnify and hold **DEFENDANTS** harmless from any claim by any other person who is determined to have the right or authority to assert any claim on his behalf against **DEFENDANTS** or by reason of any such transfer or assignment, as described in this Paragraph, and further agrees to indemnify and hold **DEFENDANTS** harmless from any costs, expenses or damages sustained by reason of any such claim.

## ENTIRE AGREEMENT

6.

**PLAINTIFF** affirms that the only consideration for his agreement to execute, and his execution of the Agreement, are the terms stated herein and that there

are no other promises or agreements of any kind that have caused his to execute the Agreement; that he fully understands the meaning and intent of the Agreement, including but not limited to its final and binding effect; that he has been advised to consult with legal counsel prior to executing the Agreement; that he has had a reasonable period of time within which to consider the Agreement; and that he has had the benefit of legal counsel before executing the Agreement.

## REMEDIES FOR BREACH

7.

In the event of a breach of any of the terms of the Agreement by **PLAINTIFF**, or **DEFENDANTS**, the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder. In the event of a breach by **DEFENDANTS**, the entire outstanding principal balance shall immediately become due and payable. Interest shall accrue on the outstanding balance at the statutory rate.

## CONSTRUCTION

8.

Any modification or change to this Agreement must be made in writing with the consent of all parties.

7

## OTHER RELIEF, AGREEMENTS AND COVENANTS

9.

This Agreement is made and entered into in the State of Georgia and shall be interpreted under and governed by the laws of the State of Georgia.

10.

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

## JURISDICTION AND VENUE

11.

Any proceeding to interpret or enforce the terms of this Agreement shall take place in the United States District Court for the Middle District of Georgia, and **PLAINTIFF** and **DEFENDANTS** consent and agree to the jurisdiction of such courts and the venue of such proceedings.

IN WITNESS WHEREOF, the undersigned have hereunto set their hand and seal this 26 day of July 2014.

_Odell Boykin_
Odell Boykin

Sworn to and subscribed
before me this 26 day
of July 2014.

_[signature]_
NOTARY PUBLIC
My Comm'n Expires: 8-1-15

9

_____
Burt's Butcher Shoppe and Eatery, Inc.
By Burton Stacey, Jr
Its President

Sworn to and subscribed
before me this 4 day
of Aug 2014.

_____
NOTARY PUBLIC
My Comm'n Expires:



_____
Burton Stacey, Jr.

Sworn to and subscribed
before me this 4 day
of Aug 2014.

_____
NOTARY PUBLIC
My Comm'n Expires:

Approved:

_____ for William J. Mason
William J. Mason
Attorney for Defendants

Bruce W Lavin
Atty At Law
Bar # 461400

10